IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.                                      CRIMINAL ACTION FILE
                                        NO. 4:15-CR-015-01-HLM-WEJ

ADAM MICHAEL ANDERSEN.

## ORDER

This case is before the Court on Defendant's Amended and/or

Supplemental Motion to Suppress Illegally Seized Evidence [22],

on the Non-Final Report and Recommendation of United States

Magistrate Judge Walter E. Johnson [27], and on Defendant's

Objections to the Non-Final Report and Recommendation [30].

## I.    Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate

judge's report and recommendation, the district court "shall make

a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."

AO 72A
(Rev.8/8
2)

28 U.S.C. § 636(b)(1).  The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation.  <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784.  Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

### A.   Procedural Background

On May 12, 2015, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant.

2

(Docket Entry No: 1.)   Count one of the indictment charged Defendant with possessing a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).  (Id. at 1.)  Count two of the indictment charged Defendant with possessing firearms that were not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  (Id.)  The indictment also contained a forfeiture provision.  (Id. at 2-3.)

On June 25, 2015, Defendant filed his Amended and/or Supplemental Motion to Suppress Illegally Seized Evidence. (Docket Entry No. 22.) On August 5, 2015, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 27.) Judge Johnson recommended that the Court deny Defendant's Motion.  (Id.)

Defendant has filed Objections to the Non-Final Report and Recommendation.  (Docket Entry No. 30.)  The Court finds that no

response to those Objections from the Government is necessary, and concludes that the matter is ripe for resolution.[1]

### B.   Relevant Facts

The Court finds that Judge Johnson accurately summarized the relevant facts, and incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein.  (Non-Final Report & Recommendation (Docket Entry No. 27) at 2-5.)  To the extent that Defendant objects to this portion of the Non-Final Report and Recommendation, the Court overrules the objection.  (See generally Objections (Docket Entry No. 30).)

## III.  Discussion

Judge Johnson correctly summarized the law concerning challenges to affidavits supporting search warrants under Franks

---

[1]On August 19, 2015, Judge Johnson certified this case ready for trial and terminated Defendant's other pending Motions. (Order of Aug. 19, 2015 (Docket Entry No. 29).)  Later on that same day, Defendant filed Objections to the Non-Final Report and Recommendation.  (Docket Entry No. 30.)  The Clerk has scheduled a plea hearing in this case for September 1, 2015. (Unnumbered Docket Entry Dated Aug. 21, 2015.)

AO 72A
(Rev.8/8
2)

v. Delaware, 438 U.S. 154 (1978).   (Non-Final Report &

Recommendation at 7-9.) Judge Johnson also properly determined

that Defendant failed to meet "the strict standard for obtaining a

Franks hearing." (Id. at 9.)  As Judge Johnson noted:

> The affidavit informs the magistrate that deputies had
> already been in [D]efendant's residence as part of a
> protective sweep before they sought the warrant.  The
> affidavit states that they did so to locate the presumably
> armed male ·burglar and, while doing so, observed
> suspected criminal activity in plain view.  Given that
> consent is not needed before law enforcement officers
> conduct a protective sweep . . ., the affidavit's failure to
> reveal that [Defendant] had been secured or did not
> consent to that first entry is immaterial to the probable
> cause determination.  There was also no need to identify
> the presumably armed male burglar by name, so this
> omission was immaterial.   The affidavit's failure to
> disclose that the two callers to 911 did not mention
> firearms is also immaterial . . . . Sergeant Williams
> accurately summarized what law enforcement knew
> when it arrived on the scene.  Nothing he wrote about
> this topic was either intentionally false or made with a
> reckless disregard for the truth.
>
> The affidavit's failure to disclose that Ms. Pappas
> was found unarmed or that she had informed deputies
> that no one else was in the house is likewise immaterial
> to the probable cause determination.  Even if those two
> pieces of information had been provided, the magistrate

5

would likely have concluded that the deputies had acted reasonably in conducting a protective sweep given the situation accurately described in the affidavit–a report of an armed man and woman burglarizing [D]efendant's residence.   Ms. Pappas may have been unarmed because she left her gun inside the residence.  The only way to confirm her assertion that no one else was in the residence, and to make sure that an armed man was not lying in wait to harm those outside, was to enter and secure the residence.

Finally, [D]efendant is correct that the affidavit's chronology of events is confusing.  It appears as if the deputies entered the residence to conduct the protective sweep, and that "[d]eputies **then** made contact with the owner of said residence, Adam Anders[e]n."  However, the affidavit then states that such contact was made "prior to making entry into said residence."  Despite this discrepancy, there is no evidence that this statement was intentionally false or made with a reckless disregard for the truth.   Instead, it appears to be a negligent, typographical error, because deleting the word "then," as the magistrate likely did when reading the affidavit, brings order to the chronology.   Indeed, that reading would be consistent with the claim made in Ms. Pappas's affidavit that the deputies encountered [Defendant] before making entry into the residence.  Therefore, this error in the chronology is a negligent or immaterial mistake that does not warrant a hearing.

(Id. at 9-13 (some alterations and emphasis in original) (footnotes

and citations omitted).)  With all due respect to Defendant, nothing

6

in his objections warrants a different result or would justify rejecting the Non-Final Report and Recommendation.   (See generally Objections.) The Court agrees with Judge Johnson that Defendant has not satisfied the requirements for obtaining a Franks hearing.

In sum, the Court finds that Judge Johnson properly concluded that Defendant's contentions do not warrant a Franks hearing.   The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant's Objections, and denies Defendant's Amended and/or Supplemental Motion to Suppress Illegally Seized Evidence.

## IV.   Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [27], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [30], and **DENIES** Defendant's Amended and/or Supplemental Motion to Suppress Illegally Seized

7

AO 72A
(Rev.8/8
2)

Evidence [22].

IT IS SO ORDERED, this the 24 day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE

AO 72A

(Rev.8/8
2)